SANTEE *against* KEISTER.

*Sunbury,*                          IN ERROR.
*Monday,*
*June 7.*           ERROR to the Common Pleas of *Luzerne* county.
If the defendant
in ejectment re-      This was a summons in ejectment to *August* 1812, in
fers the cause to
arbitration, the   which the right of possession or title of *Keister*, the plaintiff
plaintiff is reliev-
ed from the duty   below, was asserted to " a tract of land situate in the town-
of filing a de-
scription of the
land in the prothonotary's office, on or before the first day of the term to which the process is re-
turnable, unless the defendant applies to the Court for it.
   In the modern proceeding by summons in ejectment, arbitrators may award the plaintiff a part.
   An award in favour of the plaintiff in ejectment, "agreeable to the decision of the board of pro-
perty," is sufficiently certain, there being a decision between the same parties in relation to the
same land.

"ship of *Nescopeck*, in the county of *Luzerne*, containing
"150 acres or thereabouts, bounded on the west by the
"*Susquehanna* river, on the south by lands now claimed by
"*Conrad Lines*, on the east by land surveyed in the name of
"*Priscilla Lee*, and on the north by land surveyed in the
"name of *Stephen Beech*, Jr."

1813.

SANTEE
*v.*
KEISTER.

In *November* 1812 *Santee* the defendant entered a rule of
arbitration, and in *January* the arbitrators returned the
following award: "We do award in favour of the plaintiff,
"agreeable to the decision of the board of property, with
"costs of suit." On the 26th of *January* the award became
absolute, and a writ of possession was taken out, reciting
the award, and the recovery of a tract of 63 acres 2 perches,
by metes and bounds, and commanding possession to be
delivered, &c. This description precisely followed a deci-
sion of the board of property between the same parties, in
relation to the same land.

The exceptions to the record were these:

1. There was no description of the land filed in the pro-
thonotary's office, on or before the first day of the first term,
according to the act of 21st *March* 1806.

2. There is a variance between the land described in the
writ, and the award of the arbitrators.

3. The judgment is uncertain, having been rendered on
an award finding agreeably to a decision of the board of
property, and it does not appear by the record what that
decision was, or that there ever was any.

4. The writ does not pursue the judgment.

5. That no judgment could be rendered on the award, it
not appearing in any part of the proceedings what land was
intended to be awarded.

*Hall* for the plaintiff in error.

*Duncan*, contra.

TILGHMAN C. J. after stating the case and the several
exceptions, delivered his opinion upon them as follows:

1. The act of assembly requires that the plaintiff should
file a description of the land, and the defendant might have
insisted on it, by application to the Court of Common Pleas,
if he had thought proper. But he chose to enter a rule of

1813.

SANTEE
*v.*
KEISTER.

reference. The description was intended for the benefit of the defendant, that he might know with certainty what land was in dispute. Every man may waive a right which the law gives him. The defendant therefore might dispense with the description of the land. Still it is necessary that it should appear on the record with reasonable certainty for what land the suit was brought. This is a general principle, established for the sake of public justice, which the Court will not dispense with. On adverting to the writ we find that there is a sufficient description. The quantity of land is mentioned. On one side it is bounded by the river *Susquehanna*, and on the three other sides by lands of persons who are named.

2. There is no material variance between the writ and the award. The boundaries are different, because the land mentioned in the award is but *part* of that mentioned in the writ. The question then simply is, whether the plaintiff in ejectment may recover part of the land for which the suit was brought. Without doubt he may.

3d, 4th and 5th. The 3d, 4th and 5th errors depend on the same principle. It is objected that the award is uncertain, because it cannot be understood without reference to a decision of the board of property, not appearing on the record, and not referred to with sufficient certainty. I am disposed to give to awards a candid and liberal construction. Critical objections tending to destroy them, are not to be favoured. When this award mentions a decision of the board of property, it is not stretching too far to understand a decision, respecting the land for which the ejectment was brought, between the same parties or persons under whom they claim. We find that there was such a decision, and the writ of possession was issued precisely in conformity to it. I am therefore of opinion that it may be supported, and that the judgment should be affirmed.

YEATES J. was absent in consequence of sickness.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.