1814.

*Philadelphia,
Wednesday,*
April 20.

WAKELY *against* HART and others.

An arrest may be made for felony without warrant, notwithstanding *sec. 7. art 9* of the constitution; and a private person may make it at his peril: but *quære* if he can arrest for misdemeanor, *e. g* for receiving stolen goods.

If a plaintiff includes persons in the suit, against whom no evidence is offered, they may be witnesses; so if after suing several for a joint trespass, he proceeds to issue and trial against some of them, but does not rule the others to plead, the latter may be witnesses for the former, although all were concerned. The interest of those not on trial, is in the *question*, not in the *verdict*.

THIS was an action of trespass, assault and battery, and, false imprisonment, tried before *Yeates* J. at a *Nisi Prius* in *January* last.

The suit was against *John Hart, George Peters, John Fries* junior, and *Jacob Wenn. Hart* and *Peters* pleaded not guilty with leave to justify, and on this issue went to trial. The other two defendants did not plead at all, nor was judgment taken against them by default.

It appeared in evidence, that the plaintiff had been arrested by *Hart* the high constable of the city, assisted by the others, upon information that he had stolen a watch; and he was taken to jail without any warrant. The stolen watch was found in his possession. He could give no account of it, and there were several circumstances both as to his character and conduct, raising a presumption of his guilt.

The defendants offered in evidence the record of an indictment and proceedings in the Quarter Sessions of *Philadelphia* county, by which it appeared that a bill for larceny of the watch, with a count for receiving it knowing it to have been stolen, was found against the plaintiff, who had been admitted to bail; and that he made default in his appearance, by which his recognizance was forfeited. The plaintiff's counsel objected to the evidence, but the Court admitted it.

The defendants' counsel also offered *Fries* and *Wenn* as witnesses for the other defendants; the judge admitted them, notwithstanding an objection by the plaintiff.

The judge at the conclusion instructed the jury, that if upon all the facts, they should be of opinion that the plaintiff either stole the watch, or received it knowing it to have been stolen, they should find for the defendants; which they accordingly did, and the plaintiff now moved for a new trial.

*Phillips* for the plaintiff. The evidence of the record was inadmissible, first because it was irrelevant. The defendants could have no justification without a warrant on oath, the spirit of the seventh section of the ninth article of the con-

stitution, prohibiting searches, seizures, or arrests, without probable cause shewn to some magistrate to ground a warrant. Secondly, if the defendants could arrest for felony, the record was not evidence, because it did not shew a conviction, but an indictment merely, and on the oath of *Hart.*

The other defendants were not witnesses, because there was one writ and count against all, all were summoned, and implicated in the transaction. *Lloyd* v. *Williams* (a), *Hill* v. *Flemming* (b). One defendant in an indictment cannot be a witness for another, until he is acquitted or convicted. Their pleading jointl or separately, makes no difference. The *People* v. *Bill* (c). The damages here must have been joint. *Hill* v. *Goodchild* (d), *Shultz* v. *Hunter* (e).

The charge was clearly wrong, because though an individual may arrest at his own peril for a *felony*, there is no authority for arresting on account of receiving stolen goods, which is only a misdemeanor.

*J. R. Ingersoll* contra.

The record was admissible, because connected with the plaintiff's forfeiting his recognizance, it was strong evidence of his guilt, and justified the defendants. The constitution guards against the use of general warrants; it leaves the right of individuals to arrest for a felony as it stood before. Without such a right, criminals would frequently escape. It is sanctioned by undoubted authority. 1 *Burn's Justice* 133. *Arrest* 3., and the authorities there cited. The defendants then had a right to arrest at their peril; and they fortified the proof of a felony by the record of indictment for the offence, and the plaintiff's flying for it.

The other defendants were witnesses, because the plaintiff went to issue and trial against two, and took no judgment by default against the others, which would have been his course in order to exclude them. 2 *Tid.* 802, 3., 2 *Saund.* 301 a. *Note* 4. *Lloyd* v. *Williams*, is not law. The rule in this state is as it was laid down in *Stockholm* v. *Jones* (f); if the witness has no interest in the verdict, the objection goes to his *credit.* Here the verdict upon the issue trying, could neither involve nor exonerate the defendants, who were not on trial.

(a) *Cas. Temp. Hardw.* 123.  (c) 10 *Johns.* 95.  (e) 2 *Browne* 233.
(b) *Id.* 264.  (d) 5 *Burr.* 2590.  (f) 10 *Johns.* 21.

The charge was right. A private person may arrest for felony, or for a high misdemeanor so nearly bordering upon felony as this. 1 *Burn. Just.* 140. But if not, the evidence shewed a *felony;* and the Court will not send the cause back, if they see that the same verdict must be given.

TILGHMAN C. J. The first question is as to the admission of the record.

The defendants contend, that having reason to think the plaintiff guilty of larceny, they arrested him as they had a right to do, *at their peril,* so that it was incumbent on them to prove him guilty of larceny, in order to make good their defence. They do not say that the bare finding of a bill is proof of guilt, but that the bill connected with the circumstance of withdrawing from trial, was evidence proper to be laid before the jury. If proving the plaintiff guilty of larceny will justify the arrest made by the defendants, there can be no doubt but that the record was evidence, because flying from justice is a strong indication of guilt. But the plaintiff insists, that by the constitution of this state, *no arrest is lawful without a warrant, issued on probable cause, support-ed by oath.* Whether this be the true construction of the constitution is the main point in the cause. It is declared in the *ninth article, sect. 7.,* " that the people shall be secure in " their persons, houses, papers, and possessions from unrea-" sonable arrests; and that no warrant to search any place or " seize any person or thing, shall issue without describing " them as nearly as may be, nor without probable cause sup-" ported by oath or affirmation." The provisions of this section, so far as concern warrants, only guard against their abuse by issuing them without good cause, or in so general and vague a form, as may put it in the power of the officers who execute them, to harass innocent persons under pretence of suspicion; for if general warrants are allowed, it must be left to the discretion of the officer, on what persons or things they are to be executed. But it is no where said, that there shall be no arrest without warrant. To have said so would have endangered the safety of society. The felon who is seen to commit murder or robbery, must be arrested on the spot or suffered to escape. So although not seen, yet if known to have committed a felony, and *pursued* with or

without warrant, he may be arrested by any person. And even when there is only probable cause of suspicion, a *private person may* without warrant *at his peril* make an arrest. I say at his peril, for nothing short of proving the felony will justify the arrest. These are principles of the common law, essential to the welfare of society, and not intended to be altered or impaired by the constitution. The whole section indeed was nothing more than an affirmance of the common law, for general warrants have been decided to be illegal; but as the practice of issuing them had been ancient, the abuses great, and the decisions *against them* only of modern date, the agitation occasioned by the discussion of this important question had scarcely subsided, and it was thought prudent to enter a *solemn veto* against this powerful engine of despotism. I am therefore of opinion, that the defendants were justified in making the arrest, if they could prove the plaintiff guilty of larceny; consequently the record tending to prove the larceny was legal evidence.

The next question is on the admission of *Fries* and *Wenn* as witnesses, which was objected to by the plaintiff, on the ground of their being defendants in the action. There is no technical rule in the way of their admission. If a plaintiff includes persons in the suit against whom no evidence is offered, they may be witnesses. The bare circumstance of being a defendant therefore is not an exclusion. These defendants however are implicated in the trespass, and as the law was held in the case of *Lloyd* v. *Williams, Cases Temp. Hardw.* 123, they are incompetent. But I agree with the principle laid down by the Supreme Court of *New York* in *Stockholm* v. *Jones,* 10 *Johns.* 21, (a principle long adopted *by this Court*) that the interest which the witness has in the *verdict,* is the criterion by which his competency is to be tested. If he be interested in the *question* but not in the *verdict,* it goes to his credit but not to his competency. It was in the power of the plaintiff to have conducted his cause so as to exclude the testimony of *Fries* and *Wenn;* he might have laid them under a rule to plead, and taken judgment by default, and then they would have been interested in the verdict, because the same jury who tried the issue against *the other defendants,* would have assessed *joint* damages against *all.* But as the record stands, *Fries* and *Wenn* had

WAKELY
v.
HART
et al.

not the least interest in the verdict against *Hart* and *Peters*, and were just as indifferent as if they had been sued in several actions. They were therefore competent witnesses.

The last reason urged for a new trial, is that the judge charged the jury to find for the defendants, if they should be of opinion that he stole a watch, or *received it knowing it to be stolen.* A motion for a new trial is an appeal to the discretion of the Court. We are to look at the substance of the case, and consider whether injustice has been done. It may be that an inadvertent expression may fall from a judge, and yet the verdict be perfectly right. There is no need to decide whether an arrest may be made without warrant, for such a misdemeanor as receiving stolen goods knowing them to be stolen. It is an offence which approaches very near to a felony, and its effects are more pernicious than the felony itself, for if there were no receivers there would be but few felonies, and one receiver may support twenty felons. But supposing that the judge's charge was inaccurate with respect to the receipt of stolen goods, still the verdict ought to have been for the defendants. They rested their justification on a *larceny committed* by the plaintiff, and in my opinion there was abundant evidence of the plaintiff's guilt. He was proved to be a man of bad character, and was found in possession of a stolen watch, of which he could give no account. He was indicted for stealing this watch, and being admitted to bail before the bill was found, he made default in his appearance, and forfeited his own recognizance and that of his surety. How could the jury entertain any doubt of his guilt, and what would be the use of sending such a cause to a second trial? It appears to me that justice has been done, and I am therefore of opinion that judgment should be entered on the verdict.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment for defendants.