The opinion of the court was delivered by
Tilghman, C. J.
The only question in this ease, is, whether a judgment was entered in the. Court of Common Pleas of Lehigh county, for Adam Stahlnecker against Andrew Erdman. On that point, the evidence was as follows: A writ of summons was issued for Adam Stahlnecker against Abel Fowler and Andrew *326 Erdman, io May term, 1830, to which the sheriff made return, “ summoned as to Abel Fowler, non est to Andrew Erdman?* The name oí John Evans, (attorney at law,) was entered in the margin of the docket, opposite to the names of the defendants. On the 10th of May, 1820, the plaintiff filed a declaration against Fowler only, (in which it was averred, that a writ of summons had issued against Fowler and Erdman, to which the sheriff made return, “ that he had summoned the said Fowler, and nihil as to Erdman,”) and on the same day he entered a rule for an arbitra* tion. It is then stated in the record, that the parties, by their attorneys, mot and chose arbitrators. The arbitrators met, and having heard the proofs of the plaintiff, (the defendants not appearing,) they made an award in favour of the plaintiff, for the sum of four hundred and thirty-seven dollars, and sixteen cents, with costs of suit. In no part of the record is it expressly said, that Erdman appeared or was heard in the cause; but his appearance is inferred, barely from the circumstance of John Evans' name being entered opposite to the names of Fowler and Erdman. This is a fact by no means conclusive, though if it had been corroborated by other circumstances, or even uncontradicted, there would have been great weight in it. But the filing of a declaration against Fowler alone, is a fiat contradiction of the appearance of Erdman. From that moment the proceedings were against Foioler only, and Erd-man could not be considered as a party. This is our settled practice, for we have no authority, as in such cases they have in England. Therefore the rule for arbitration, the choice of arbitrators, and the award, must be taken as having been between Stahlnecker and Fowler. Consequently, there was no judgment against Erd-man, and the execution issued against him was a nullity. That being the case, the deed of the sheriff, for the conveyance of land which he had levied on, and sold by virtue of that execution, was of no validity and not admissible in evidence. It is ifche opinion of the court, therefore, that in the admission of that deed there was error, for which the judgment must be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.