The opinion of the court was delivered by
Rogers, J.
For a particular statement of the facts,.I refer generally to the -bill of exceptions. The Court of Common Pleas charged the jury, that the-plaintiff might recover against-those he showed were defendants in the original judgment, or held under them, but not against Zalmon Gregory, unless he held under the defendant‘in that judgment. In this, we perceive no error. As between the purchaser and the defendants in the action, the purchaser can recover, on' the: strength of the sale and sheriff’s deed, without showing other title, nor can the defendant ¡show title in another. It was left as a fact to the jury, Whether Zalmon Gregpry held under the defendant-in the.original judgment; and if he did, the court say, the'plaintiff might recover against him in the same manner as against the defendant in the original judgment; and it would be strange if he was placed in a better situation. The charge of the court-is supposed to .have reference to; the facts proved in the cause, arid we cannot perceive any thing in this direction calculated to mislead the jury; nor, .when-viewed in connexion with the facts, is the position assumed more broad than the law directs.
In answer to'the question óf the plaintiffs in error, that the plaintiff cannot recover if he has shown title in himself, inasmuch as the lands were sold on his execution, he attending the inquest for condemnation, and causing the land to be sold with his privity and consent, and receiptingtheexedption by his attorney, the court say? “ The principle is correct as stated, but’if execution Was levied on the interest the defendants had in the land by possession- or contract, and notice given by the plaintiff at the day of sale, and also by the sheriff, that he did not sell the title which the plaintiff claimed, but-only the defendant’s interest, it would be otherwise.” In this, 'the plaintiff in error has suffered no wrong. The parties to the original agi’eement entered into a contract, which appears,not to have been carried into effect. Joseph Watrous brought his ejectment to the May term, 1826, for the whole four'hundred and twelve acres .and eighty perches, the right, of possession, or title to *399 which, he avers is in him, and not in Obadiah and Zalmon. The return of the sheriff shows the defendants to be in possession of the Whole tract. They enter no disclaimer of part, but take defence for the whole, and it is under these circumstances that there is a levy and condemnation of the whole property, on the three judgments which Joseph Watrous■ had purchased against Obadiah Green* The levy and condemnation is in the ordinary mode. It does not speak of the interest of Obadiah Green, nor is that necessary. That is implied from the transaction itself, for it is only that interest which is levied on, condemned and sold. Obadiah Green,' and those claiming under them, were in the actual possession of the land, and asserted their, right to retain the. possession by a general de- • fence. T.he whole ground of the argument of the defendant’s counsel necessarily fails, as it is founded on the'assumpsioo, that Obadiah Green claimed no interest, except in the one hundred acres. If the plaintiff be estopped, it is because David Green has been deceived by the conduct of Watrous.. How can he complain? He attended the inquest, and well understood the nature of that proceeding. ‘ He was aware, that it was intended, not to.condemn the legal estate, but merely the interest which- his father claimed' in the four hundred and twelve acres. The condemnation and sale of his whole interest, was the only mode the plaintiff had to extinguish the claim, real or pretended, .to the whole property. ’ The plaintiff does not rest here. At the time-of the sale he gaye notice to all that were' present, that he claimed the title to the land, and. th.at hp only sold the possession, or right and title.of Obadiah Green, and that he had an ejectment pending for the title, and that he should go on with it. The sherifi! also gave notice, at the same time, that he only sold Green’s interest. 'The notice was repeated, and'in the presence •of David Green himself. How .then can it be contended, with the slightest shadow of justice, that under the' peculiar circumstances of this case, the plaintiff is estopped' to assert his right to the land? We do not go on the ground, that-estoppels are odious in law, for a man is always estopped to commit a fraud; and to’say a man is not-estopped, in some cases, would legalise fraud. If David Green bad been in error in this transaction, and that error had -been produced by the plaintiff, he might with some colour of justice, have complained against the plaintiff, and we would have,supported him in the allegation of an estoppel. If he was deceived, it is apparent he deceived himself.. The plaintiff had no hand in it, for he has done every thing which a prudent man was bound to do to'avoid mistake. There is no resemblance between this case and Witling v. Brown, 7 Serg. §• Rawle, 468. It.would haye been against equity to permit Francis West to contradict' a sale which had been made with his privity and consent. It would, have enabled him to commit a fraud on an innocent bona fide purchásér, without notice of his interest.
The jury-find-the whole amount of the four hundred-and twelve *400 acre tract of land, deducting tlie one hundred .acres described in the original agreement, made with Thomas. Overton, agreeably to the award of Jonah Brewster, Benjamin T. Case and George Cone. This is substantially á finding for the plaintiff for three hundred and twelve acres and eighty perches, the residue of the tract after deducting one hundred acres. There is a sufficient certainty in the verdict to enable the court to give judgment, and the sheriff to deliver possession on a habere; for by reference to the award, there will be no difficulty in locating the one hundred, acres, the residue, viz. three hundred and twelve acres and eighty perches, the jury have found for the plaintiff. The verdict is equally certain, as the award of referees in Santee v. Keister, 6 Binn. 36, which was an award in favour of the plaintiff in ejectment, agreeably to the decision of the board of property. There is the same reason, as in that case, that we should give the verdict and judgment of the court a candid and liberal construction. It is always with reluctance that we listen to critical objections tending to destroy them. By an application of the'maxim, id cerium est, quod cerium reddipotest", we have such certainty as is required-for the purposes of substantial justice, nor will it infringe the maxim, “Oportet, quod res certa deducatur in judicium.”
Judgment affirmed;