The opinion was delivered at the March term, 1851.
Dewey, J.
This is an action of trespass against the defendant for an assault and false imprisonment, and the defendant justifies as a constable of the city of Boston, alleging that he was authorized, by virtue of his office, upon the facts stated, to make the arrest, which was the supposed trespass. The plaintiff was arrested without any warrant from a magistrate ; but, as the defendant alleged, upon facts made known to him, authorizing the belief, that the plaintiff had been *284 guilty of receiving and secreting stolen goods, knowing them to be stolen.
"Upon the trial of the case, the presiding judge instructed the jury, that if they were satisfied beyond a reasonable doubt, that the plaintiff was guilty of receiving stolen goods knowing them to be stolen, they should render a verdict in favor of the defendant.
The authority of a constable, to arrest without warrant, in cases of felony, is most fully established by the elementary books, and adjudicated cases. Thus, in 1 Hale, P. C. 587, it is stated : “ If a felony be committed, and A. acquaint the constable that B. did it, the constable may take him and imprison him, at least till he can bring him before some justice of the peace.”
Peace-officers without warrant may arrest suspected felons. 5 Dane’s Ab. 588. Constables are justified in arresting persons directly charged with felony. Bac. Ab. Constable, (C); Samuel v. Payne, 1 Doug. 359. The case of Beckwith v. Philby, 6 B. & C. 635, is a direct authority, that a constable, having reasonable cause to suspect that a felony has been actually committed, is justified in arresting the party suspected, although it afterwards appear that no felony has been committed. Lord Tenterden said : “ A constable, having reasonable grounds to suspect that a felony has been committed, is authorized to detain the party suspected, until inquiry can be made by the proper authorities.” Beckwith v. Philby, 6 B. & C. 638.
In the case of Davis v. Russell, 5 Bing. 354, 365, the defendant, a constable, being told by A, that the plaintiff had robbed him, and the information being corroborated by a supposed intercepted letter which was shown to him, apprehended the plaintiff and took her to prison. The charge proved unfounded, and the court directed the jury to consider, “ whether the circumstances stated afforded the defendant reasonable ground to suppose that the plaintiff had committed a felony.” This instruction was held to be correct. The case of Wakely v Wart, 6 Binn. 316, is to the same effect.
It lias been sometimes contended, that an arrest of this *285 character, without a warrant, was a violation of the great fundamental principles of our national and state constitutions, forbidding unreasonable searches and arrests, except by warrant founded upon a complaint made under oath.- Those provisions doubtless had another and different purpose, being in restraint of general warrants to make searches, and requiring warrants to issue only upon a complaint made under oath They do not conflict with the authority of constables or other peace-officers, or private persons under proper limitations, to arrest without warrant those who have committed felonies. The public safety, and the due apprehension of criminals, charged with heinous offences, imperiously require that such arrests should be made without warrant by officers of the law. As to the right appertaining to private individuals to arrest without a warrant, it is a much more restricted authority, and is confined to cases of the actual guilt of the party arrested : and the arrest can only be justified by proving such guilt. But as to constables, and other peace-officers, acting officially, the law clothes them with greater authority, and they are held to be justified, if they act, in making the arrest, upon probable and reasonable grounds for believing the party guilty of a felony; and this is all that is necessary for them to show, 'in order to sustain a justification of an arrest, for the purpose of detain ing the party to await further proceedings under a complaint on oath and a warrant thereon. It was not necessary, therefore, in the present case, for the defendant to establish the actual guilt of the plaintiff of the offence imputed to him. It was only necessary to show, that upon the representation made to him of the commission of a felony, and the other circumstances coming to his knowledge, he had reasonable ground to suspect the plaintiff of having committed the crime of receiving stolen goods, knowing them to be stolen.
But the presiding judge further ruled, that if the defendant had reasonable ground to suspect the plaintiff of having committed the crime of receiving stolen goods, knowing them to be stolen, the defendant would not be justified in making toe airest, unless there was an immediate necessity therefor, *286 arising from the danger, that the plaintiff would otherwise escape, or secrete the stolen property, before a warrant could be procured against him.
The further inquiry then is, whether the latter ruling was correct. A suggestion like this was made by the counsel for the plaintiff, in the case of Davis v. Russell, cited above, but it received no countenance from the court. That was a strong case to justify such a principle, if it is a legal one in any case; as the arrest and imprisonment there complained of consisted in taking a female from her own house and removing her to a prison, upon a suspicion of felony, which was entirely unfounded, as was subsequently made to appear. We do not find, however, any authority for thus re. strieting a constable in the exercise of his authority to arrest for a felony without a warrant. The probability of an escape, or not, if the party is not forthwith arrested, ought to have its proper effect upon the mind of the officer, in deciding whether he will arrest without a warrant; but it is not a matter upon which a jury is to pass, in deciding upon the right of the officer to arrest. The question of reasonable necessity for an immediate arrest, in order to prevent the escape of the party charged with the felony, is one that the officer must act upon, under his official responsibility, and not a question to be reviewed elsewhere. The ruling of the court of common pleas, upon this point, was therefore erroneous.
This brings us to the only question of doubt or difficulty in the present case, and that is as to the character of the offence for which the plaintiff was arrested. Does the crime of receiving and secreting stolen goods, knowing them to be stolen, so far partake of the nature of larceny, as to be embraced within the rule we have above stated as to arrests without a warrant. Larceny of goods is a felony, and always treated as such, under our system of criminal law. The offence of secreting stolen goods has been sometimes treated as a mere misdemeanor. It is said to be so at common law. However that may be, and whether it is thus restricted, when considered as an offence at common law, yet under our statutes. *287 it has been considered an offence that would subject the party to be charged as an accessory after the fact to a felony, and the mode of punishment, and consequences attached to a conviction, are much the same as result from a conviction of larceny.
By the act of 1784, c. 66, § 9, it was enacted, that the receiver of stolen goods, knowing them to be stolen, should be considered as an accessory to the principal offender, and should suffer like punishment, as he might have received on a first conviction. Under this statute, the usual form of an indictment was as “ a felonious accessory,” and this seems to be fully sustained by the case of Commonwealth v. Andrews, 3 Mass. 126. See also similar forms, in the English practice. Crown Cir. Comp. 131. By the act of 1804, c. 143, § 10, such offender “ shall be deemed accessory after the fact.” The Rev. Sts. c. 126, § 20, have however omitted this provision; merely annexing the punishment toffhe offence.
As somewhat indicative of the character of this offence, we may refer to the consequence of a conviction to the offender. This court, in the case of Commonwealth v. Rogers, 7 Met. 503, held, that a person convicted of the offence of receiving stolen goods, knowing them to be stolen, was not competent as a witness. This does not, I am aware, necessarily indicate that the offence is a felony; but the distinction taken by the court, between the case of a conviction for this offence and that of cheating by false pretences, holding that the conviction in the former does, and in the latter does not, disqualify, ( Utley v. Merrick, 11 Met. 302,) tends to confirm the position above advanced, that this offence is substantially of the same character as a larceny. Upon the question of the right to arrest without a warrant, we are of opinion that the same principles apply.
The result is, that the court are of opinion, that the jury should have been instructed, that if they were satisfied upon the evidence, that at the time of the arrest and imprisonment, the defendant had reasonable grounds to suspect the plaintiff of the crime of receiving or aiding in the concealment of any stolen goods or property, knowing them to be stolen, and the *288 defendant, acting on such belief, as a constable or other peace-officer, arrested and detained the plaintiff, for the purpose of securing him to answer to a complaint for such offence, the defendant would be justified in making an arrest, and detaining him a reasonable time for that purpose, without a warrant.

Exceptions sustained.