Parker v. Mise.

---

## PARKER vs. MISE.

[ACTION UNDER CODE TO RECOVER DAMAGES FOR SHOOTING A DOG.]

1. *Injury to dog actionable.*—A dog is a species of property, for an injury to which an action at law may be maintained; and it is not necessary to show that he had pecuniary value.

2. *Exemplary damages allowable for trespass on property.*—The law implies that some damage is sustained from every wrongful injury to property, although there may be in fact no sensible damage; and if the trespass is accompanied by circumstances of aggravation, "smart money", or exemplary damages, may be assessed by the jury, although the property itself had no pecuniary value.

3. *Opinion of witness inadmissible.*—A witness cannot be asked, "whether, from his knowledge of the dog, he did or did not consider him a nuisance."

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by Burrell H. Mise against James Parker; the complaint being in these words:

"The plaintiff claims of the defendant $500, as damages for wrongfully shooting plaintiff's dog, said dog being the property of plaintiff, and of the value of $50; and other wrongs done to the said plaintiff by the said defendant on the 31st December, 1853."

The defendant demurred to the complaint, "1st, for the reason that no sufficient cause of action against him is therein set forth; and, 2d, because plaintiff alleges other wrongs in his declaration, without stating what those wrongs are." The court overruled the demurrer, and the defendant then pleaded not guilty and justification; on which pleas issues were joined, and a trial had.

"On the trial," as the defendant's bill of exceptions states, "the defendant proved, by one Minter, that he had seen the dog in controversy frequently, in passing plaintiff's house; that the dog would run out at him, in passing the house, and show a disposition to bite him or his horse; that he would raise up his feet in order to prevent the dog from biting him; and, further, that the dog never did bite his horse. The defendant asked said witness, whether, from his knowledge of said dog, he did or did not consider said dog a nuisance; to which question the plaintiff objected, the court sustained the objection, and the defendant excepted.

"In order to show the viciousness of said dog, and that he was very dangerous, the defendant proved that he had bitten off the tails of two of *plaintiff's* (?) cows; that said cows, at the time, were in plaintiff's field; and that plaintiff had set his said dog on them. He then proposed to prove by a witness, that the fence around said field was about four-and-a-half feet high, and that the gap to the field was still lower; to which the plaintiff objected, the court sustained the objection, and the defendant excepted. The defendant proved by five witnesses, who had frequently seen said dog, and when passing plaintiff's house said dog having run out at them, and would catch hold of the tails of their horses, that in their opinion,

31

founded on their knowledge of said dog, they did not consider him of any value as property; and one witness proved, that said dog, in his opinion, was not worth the powder and shot that killed him. On the other hand, plaintiff proved by two witnesses, who knew said dog well, and one of whom had hunted with him, that said dog was worth $200. It was proved, that defendant shot plaintiff's dog when the dog was standing by the side of his master, in no way disturbing the defendant; nor was there any proof that the dog had ever done so, except the injury done to defendant's cows as above shown.

"Upon this evidence, the court charged the jury, that if they believed from the evidence that said dog was of no value, but that the defendant shot him under circumstances aggravating to the plaintiff, they might find against the defendant, and assess exemplary damages, or 'smart money', against him. To this charge the defendant excepted, and requested the court to charge the jury, that if they believed from the evidence that said dog was of no value as property, they could not find for the plaintiff and assess smart money against the defendant; which charge the court refused to give, and the defendant excepted."

All these rulings are now assigned for error.

WM. M. BYRD, for the appellant, contended,—

1. That the "wrongful shooting a dog" is not actionable, unless some damage is alleged to have been done by the shooting; that the complaint only shows an assault and battery on the dog, for which an action does not lie, especially where no actual damage is alleged.—2 Stra. 872; 2 Saunders on Pl. & Ev., pp. 860–64.

2. That the allegation of "other wrongs" is too general, uncertain, and indefinite to authorize the court to proceed to judgment thereon, and, if not surplusage, is demurrable.

3. That the evidence offered to show the height of plaintiff's fence was admissible in mitigation of damages.

4. That exemplary damages cannot be given for injuries to personal property.—2 Greenl. Ev. § 266.

5. That exemplary damages cannot be given for an injury to a thing which is in itself valueless; that the law does not

give any recompense merely for offended feelings, unless there is some actual injury ; that although vindictive damages have sometimes been given, in cases of trespass upon the person or upon real property, where no actual injury was done, yet no case has ever extended the doctrine to such trespasses upon personal property.—2 Greenl. Ev. § 266 ; American Jurist, vol. 3, pp. 292–3 ; 2 Speers, 271; 14 Missouri R. 104 ; 13 B. Monroe, 238 ; 1 *ib.* 81 ; 5 Rep. 35 ; 11 Mod. 74 ; Buller's N. P. 79; Duke of Somerset v. Fogwell, 5 B. & C. 879; 3 Dana, 493, 583 ; 2 Saunders on Pl. & Ev., pp. 860–61.

RICE, J.—A dog is a species of property, for an injury to which an action at law may be sustained.  It is not necessary for the maintenance of an action for shooting a dog, that the dog should be shown to have pecuniary value.—Dodson v. Mock, 4 Dev. & Batt. Law R. 146; Perry v. Phipps, 10 Ired. Law Rep. 259 ; The State v. Latham, 13 *ib.* 33 ; Wright v. Ramscot, 1 Saund. R. 84 ; 2 Bla. Com. 393, 394 ; Lentz v. Stroh, 6 Serg. & Rawle, 34 ; King v. Kline, 6 Barr, 318.

Wherever there is a wrongful taking of the property of another, or a wrongful injury done to it, the law implies that the owner has sustained some damage ; and although there be in fact no sensible damage from the loss or injury of the property, or from an actual deprivation of its use, the owner is entitled to recover some damages.   And if the trespass on the property was accompanied by circumstances of aggravation, "smart money", or "exemplary damages", may be assessed by the jury, although the property itself had no pecuniary value. Board v. Head, 3 Dana, 488 ; Major v. Pulliam, 3 *ib.* 582 ; Woert v. Jenkins, 14 Johns. R. 352 ; 3 Starkie's Ev. 1450–51; Bracegirdle v. Orford, 2 Maule & Sel. R. 77; Merest v. Harvey, 5 Taunton. 442 ; Dearing v. Moore, 26 Ala. 586.

Although it may be allowable to prove, as a justification for killing a dog, that the dog was a nuisance to the community, and was permitted to go at large (4 Dev. & Batt. 146, and 6 Barr, 318, *supra*); yet there was no error in sustaining the objection to the question put by defendant to a witness, " Whether, from his knowledge of said dog, *he did or did not consider* said dog a nuisance."

There is no error, and the judgment is affirmed.