Mr. E. Tilghman, *pro quer.*

---

Tench Coxe and Narlbro' Frazer *against* William Nicholls.

Affidavits of either party are sufficient grounds for a rule to show cause, but are not evidence on the hearing.
The act of the attorney binds his client.

. Motion to set aside a judgment, entered September term 1798, in an amicable action in covenant, brought to December term 1797.

The suit was founded on the guaranty of a bond, executed by James Wilson, esq. The bond was dated in 1796, payable on the 9th November 1797, and assigned by the defendant to the plaintiffs, on the 9th May 1796. The guaranty was dated on the 25th August 1796.

The action was entered in pursuance of a written order to the prothonotary, subscribed by W. Tilghman, for the plaintiffs, and by Joseph Thomas, for the defendant.

The defendant made affidavit that he had never employed

Thomas to enter the amicable action, or appear thereto, and that the first notice he had received of its entry was on the 15th December 1798, by a note from one of the plaintiffs to him.

Tench Coxe made a counter affidavit, that in December 1797, he applied to Nicholls for money due to the company, and failing herein, he desired that an amicable action might be entered, whereupon Nicholls told him, that he had spoke to Thomas to agree to the entry thereof.

Thomas was not at this time residing in the city, having been absent since 3d August 1798.

It was now insisted on for the defendant, tha no attorney, however respectable, had a right to agree to the entry of suits, without instructions for that purpose. Here, that authority was denied on oath. It would be of the most pernicious consequences, if attorneys, unconsulted, could bind individuals by their acts, without the court's exercising a control over them; the defendant had applied for relief, immediately after he had received information of what had been done.

By the court. The affidavits of either party are sufficient grounds for a rule to show cause, but are not competent evidence on the hearing. It is not the practice of Pennsylvania to file warrants of attorney. In general, the acts of an attorney bind his client, (1 Salk. 86, Carth. 412, 1 Dall. 164,)and it is of great consequence to society that the parties should not retract therefrom. Undoubtedly, the officers of the court are subjected to their control, and deeds of oppression will not receive their sanction.

What weighs with the court in this instance, is, that Thomas was generally viewed as respectable and responsible, when he agreed to this entry. To ask for proofs of his authority, under existing circumstances, would be idle and in vain. Considerable delay has already taken place on this motion. All that we can now do with propriety, is to let the judgment stand as a security, and the defendant to be at liberty to contest the demand in point of law.

Messrs. Rawle and M'Kean, *pro def*
Mr. W. Tilghman, *pro quer.*