## Compher *against* Anawalt.

Upon a writ of error to remove a judgment upon a *scire facias*, the court will not examine the regularity of the original judgment, which had been obtained more than seven years before.

A judgment upon a *scire facias* after two returns of " *nihil*," is warranted by a long established practice, and the refusal of the court to open it is not the subject of error. But in a case of manifest injustice, the supreme court will permit a writ of error to be withdrawn, to afford the common pleas an opportunity to open it.

ERROR to the common pleas of *Somerset* county.

This suit was originally brought by John Anawalt in 1819 against David Reily and William Compher the plaintiff in error. The writ, which was a *capias*, was returned " *cepi corpus* and bail bond as to David Reily *only*." There was no service on Compher; but there was a general appearance by an attorney, whose name was marked on the margin of the docket opposite both defendants. On the 10th of March 1819 the cause was referred by the plaintiff below, who, together with Reily, chose arbitrators, who filed an award of 95 dollars with costs of suit in favour of the plaintiff, from which Reily appealed in May 1819. No further proceedings seem to have taken place until June term 1829, when a *scire facias* was issued to revive judgment against Compher, in which the administrators of Anawalt were substituted. This *scire facias* was returned *nihil*. At August term 1829 an *alias scire facias* to revive judgment against Compher was issued, which was also returned *nihil*. On this *alias scire facias* the name of the same attorney was marked for the defendant, and judgment was rendered in September 1829 for 153 dollars 99 cents; upon which a *fieri facias* issued at November term 1829, and was returned *nulla bona*. A *testatum fieri facias* then issued at April term 1832 to Bedford county, the residence of Compher, and his goods were levied upon, which was the first notice he ever had of the proceedings against him. Motions were then made by attorneys, employed by him for the purpose, for rules, respectively, to show cause why the judgment against him, together with all subsequent proceedings, should not be set aside at the cost of the plaintiff, and why the judgment should not be opened and the defendant let into a defence on the plea of *nul tiel record*. Along with these motions were presented the affidavits of A. B. Fleming, the attorney, whose appearance was marked in the original suit, and of Compher. The affidavit of the attorney set forth that he was employed by Reily; that he attended before the arbitrators and that Compher was not present; that he had no recollection of being employed or spoken to by any

[Compher v. Anawalt.]

other than Reily, who did not limit the request to himself, but required the attorney's services without any modification. The affidavit of Compher stated that the first notice he had was when the *testatum* execution was levied on his goods; that he had not until then any knowledge of the judgment and suit in Somerset county; that he never spoke to or employed any attorney to appear for him in such suit; that he owed the plaintiff nothing, and had a just and legal defence. Notwithstanding these affidavits the rules were discharged by the court below.

The following errors were assigned :

1. The court erred in considering the original judgment as a judgment against William Compher, and in rendering judgment in the *scire facias* against him.

2. The court erred in refusing to open the judgment on the *scire facias*, so as to let the defendant into a defence on the plea of *nul tiel record.*

*W. R. Smith,* for plaintiff in error.

There was no service on Compher. The first notice he had was the *testatum fieri facias,* thirteen years after the institution of the suit. There was no declaration. There was no legal evidence of an appearance for him. The mere entry of the attorney's name on the docket is not sufficient. It is true there are two cases in which it was decided that such entry would bind a client, but under very special circumstances. M'Cullough *v.* Guetner, 1 *Binn.* 214; Scott *v.* Israel, 2 *Binn.* 145. Where an attorney appears specially for one defendant, in a suit against two, and afterwards as attorney for the defendant acknowledges judgment in favour of the plaintiff, the judgment is good only against the defendant for whom he. appeared. Kimmel et al. *v.* Kimmel, 5 *Serg. & Rawle.* 294. Entering an attorney's name on the margin of the docket is not a sufficient appearance for the defendant, when by the practice of the court the appearance must be entered on the docket. Forsyth's Administrators *v.* Waldron, 13 *Serg. & Rawle* 164. In King et al. *v.* The Bank of Gettysburgh, 2 *Rawle* 197, a doubt is expressed whether the mere entry of an attorney's appearance on the margin of the docket is sufficient. In 1 *Salk.* 86, 88, it was held that if an attorney who has appeared without authority be irresponsible, the judgment will be set aside. Relief can be granted by this court. 1 *Liv.* 198 ; 7 *Cranch* 436 ; 9 *Johns.* 253. In general, the acts of an attorney bind his client ; but he is still subjected to the control of the court, and deeds of oppression will not receive their sanction. Coxe et al. *v.* Nicholls, 2 *Yeates* 546. The party will be let into a defence on the merits. 6 *Johns.* 127, 129, 131, 132, 296, 328. A judgment takes date from the report of arbitrators ; and where the submission is by one defendant served, the judgment does not bind the other defendants not served, although there be a general appearance by an attor-

ney.   Erdman et al. *v.* Stahlnecker, 12 *Serg. & Rawle* 325 ; Stude-backer et al. *v.* Moore, 3 *Binn.* 124.

*Forward*, for defendants in error.

There can be no question raised as to the original judgment, to which a writ of error does not lie, as seven years have elapsed since its rendition.   The affidavits produced have nothing to do with the case.   It is evident from the record that the attorney appeared for both.   The entry of his name on the docket is sufficient.   A *scire facias* is now before this court, in which judgment was regularly entered.   This court cannot go behind the *scire facias*, and inquire into the regularity of the proceedings.   How then can it interfere ?

The opinion of the Court was delivered by

SERGEANT, J.—This writ of error brings up singly the judgment on the *scire facias* against Compher, at the suit of the administrators of Anawalt.   It does not profess to remove from the court below the original judgment ; nor, indeed, could a writ of error issue for that purpose, as more than seven years had elapsed from the rendition of the judgment.   The only question, therefore, is, whether the judgment in the *scire facias* is erroneous ; and it clearly is not so on its face, having been entered after the return of two *nihils*, which, by long established practice, warrants a judgment ; though, it must be confessed, it is a practice liable to abuse.   The refusal of the court below to open this judgment, was a matter resting in their discretion, and not assignable for error.

If we were at liberty to look behind the *scire facias*, and examine the original judgment, there is nothing apparent on the record which would enable this court to declare that there was no judgment against Compher.   There was a general appearance by the attorney marked on the docket, opposite both defendants, and the subsequent proceedings, as far as the award, went on without discriminating between them.   The case of Erdman *v.* Stahlnecker, 12 *Serg. & Rawle* 325, has been relied on by the plaintiff in error as an authority to take the case out of the operation of the rule, that a general appearance by attorney is an appearance for both defendants, as well the one who is not served with process, as the one who is.   But the striking feature of that case was, that although there was a general appearance, yet the plaintiff, by his declaration, had excluded from the suit the defendant, who was not served with process, by the use of what, in our practice, is a substitute for the English proceeding of civil outlawry.   In the present case no *narr.* was filed, the case occurring before the act of 1820, which required a declaration to be filed by the plaintiff before he takes out a rule of arbitration.   Looking at the case therefore as a court of error, it is beyond our power to grant relief.

The case, however, as it stands in the court below, appears fraught with the most striking injustice to Compher.   The sheriff comes to

[Compher v. Anawalt.]

him in 1832, at his residence in Bedford county, with executions for a considerable sum of money, issued out of the court of common pleas of Somerset county, and levies on his goods. He then learns for the first time that a suit had been brought against him and another person in that court in the year 1819; that in consequence of the entry without his direction or knowledge, by an attorney of the court, of his name on the margin of the docket, he was made a party to the suit, a rule of arbitration entered, and an award and judgment obtained against him; that this judgment, after having slept ten years, was revived by two *scire faciases* of which he had no notice, and he is now apprised that he must pay a large sum of money or submit to the seizure and sale of his goods; he at the same time being willing to make oath that he owes nothing to the plaintiff in the suit. Such is the case which appears on the affidavits of Compher, and also of Fleming the attorney: and if the facts stated in the affidavits are made out to the satisfaction of the court below, they imperiously demand the interference of that court. Of its power to grant relief in the case there can be no doubt. It is true that an attorney being an officer of the court, his acts are to be deemed the acts of the party for whom, in the course of legal proceedings, he assumes to appear. But the meaning of this rule merely is, that the acts of the attorney will be deemed regular though a want of authority be subsequently shown. The court will, notwithstanding, in every case interpose and grant relief, so far as it can be done without injury to the other party. In Coxe *v.* Nicholls, 2 *Yeates* 546, in this court, an amicable action had been entered and judgment confessed by an attorney who afterwards absconded. On the defendant's affidavit, that he had never employed the attorney, and that the first notice he had of the proceedings was by a note from one of the plaintiffs some time after the date of the judgment; the court, though there was a counter affidavit by the plaintiff, allowed the judgment to stand as a security, and permitted the defendant to contest the demand in point of law. The same principle has been since adopted in New York, in the case of Denton *v.* Noyes, 6 *Johns. Rep.* 296, where the subject is thoroughly examined by Chief Justice Kent, and all the cases reviewed. There an attorney appeared for a defendant against whom a writ had been issued and not served, and without the defendant's authority confessed a judgment. " I am disposed," said the chief justice, " to prevent all possible injury to the defendant, and at the same time to save the plaintiffs from harm. This can be done only by preserving the lien, which the plaintiffs have acquired by their judgment, and by giving the defendant an opportunity to plead, if he has any plea to make, to the merits." In the case of Brooke *v.* decided at Philadelphia at the last term of this court, an attorney, by the direction of one defendant, in a suit against two, appeared and acted for both. It was discovered soon after that the direction was without authority; and the court of common pleas, on the application of the attorney

[Compher v. Anawalt.]

and proof, allowed the original appearance for both to be amended, by restricting it to a special appearance for one, and this court relieved the injured party from an award and execution against him.

So strongly impressed is this court with the propriety and justice of granting such relief to the plaintiff in error in this case, that he is permitted to withdraw his writ of error, in order that he may make application to the court below for that purpose.

The other case between the same parties stands on a similar footing with the present, and the same order is also made in it.

Judgment stayed, with leave to plaintiff in error to withdraw his writ of error.