M. B. HAMER et al. *vs.* WILLIAM KIRKWOOD et al.

Neither debts due by contract or by judgment would bear interest, unless made so by positive legislation.

The statute of the State (Hutch. Code, 643) declares, that all debts due by the judgment, sentence, or decree of any court, shall bear interest in the same manner as any other debts.

By a subsequent section of the same act, (Hutch. Code, 929, § 149,) it is directed, that in cases where the supreme court shall affirm entirely any judgment or decree brought before them, if for the payment of money, the plaintiff in error, if he be the defendant below, shall pay to the defendant in error ten per cent. damages upon the amount due, besides interest from the time of rendering the judgment or decree.

The provision of the statute (Hutch. Code, 642, § 3) in relation to interest, was intended to apply only to the judgments and decrees of courts of original jurisdiction, and was not designed to have any application to judgment for damages in the supreme court.

A creditor is entitled to interest on his debt before judgment, and he should not be put in a worse condition by the act of the debtor who compels him to sue for the recovery of his rights. *Held*, that the same reason does not apply to damages in this court, for they are no part of the debt.

The original judgment bore interest, but the judgment for damages in this court did not. *Held*, that the payments should have been applied in discharge of the interest first, and then to the debts due on the original judgments, in preference to the amounts due for damages.

IN error from the circuit court of Carroll county; Hon. F. M. Rogers, judge.

This was a motion entered in the circuit court of Carroll county, to have two judgments in favor of plaintiffs in error against defendants entered satisfied.

By an agreed state of facts, the judgments are satisfied, unless the damages awarded by this court, when said causes were before it in 1839, draw interest; or unless the plaintiffs had the right to apply the payments as made, first to the extinguishment of the damages, and then to the debt.

*N. G.* and *S. E. Nye*, for plaintiffs in error.

*Cothran* and *George*, for defendants in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

William Kirkwood moved, in the circuit court of Carroll county, to have satisfaction entered of record on two judgments, which were standing open against him in said court in favor of the plaintiffs in error.

It was agreed by the parties at the trial, that plaintiffs in error recovered a judgment against Kirkwood for the sum of $7,963.20, on the 3d of July, 1839, which, upon being removed into this court, was affirmed, with judgment for damages, in the sum of $796.32; that in October of the same year another judgment, for the sum of $3,000, was recovered against him by the said parties; and that payments at different times had been made on these judgments.

It was further agreed by the plaintiffs in error, that these payments were a full satisfaction of the judgments, if the court were of the opinion, first, that the damages awarded by this court on the affirmance of the first judgment did not bear interest; second, that the payments should be applied first to the extinguishment of the interest and debts due upon the judgments, as contradistinguished from the damages.

Each of these points was decided in favor of Kirkwood, and the judgments were accordingly ordered to be entered satisfied. The cause hence comes into this court.

The propriety of this determination of the court on the first question, depends entirely upon the statutes in regard to interest upon judgment debts ; as neither debts due by contract, nor by judgment, would bear interest, unless made to do so by positive legislation.

By the statute 25th June, 1822, regulating the rate of interest, it is enacted, that " on all judgments and decrees founded on contracts, debts, or demands bearing interest, the rate of interest shall be the same as that allowed by law on the contract debt or demand on which such judgment or decree shall be founded; and on judgments and decrees in all other cases, the rate of interest shall be eight per cent. per annum." Hutch. Dig. 642, art. 2, § 3.

By the fifty-seventh section of the act concerning the establishment and jurisdiction of the superior courts of law in this State, passed by the legislature at the same session, it is provided, that "all debts due by the judgment, sentence, or decree of any court, shall bear interest in the same manner as any other debts." Hutch. Dig. 643, art. 7.

And by a subsequent section of the same act, it is directed, that "in case the supreme court shall affirm, entirely, any judgment or decree brought before them, if such judgment or decree be for the payment of money, the plaintiff in error, if he be the defendant below, shall pay to the defendant in error ten per cent. damages upon the amount due, besides interest from the time of rendering the judgment or decree." Hutch. Dig. 929, art. 2, § 149.

These several directions, for the purpose of construction, should be regarded as the separate provisions contained in the same act; and it is our duty to give to each of them full operation, if it can be done without a violation of their obvious meaning.

Looking at them in this view, it appears to us that the provision of the statute of the 25th of June, 1822, first above quoted, was intended to be applied to only the judgments and decrees of courts of original jurisdiction, and was not designed to have any application whatever to judgments for damages in the supreme court.

That this was so, will be more clearly perceived when we consider the object which was intended to be accomplished.

Without express legislation for that purpose, judgments and decrees would not bear interest. Hence a creditor who might be compelled to sue for the recovery of a debt due upon a contract, which stipulated for the payment of interest, would, after judgment was obtained, have no longer a right to interest upon his debt. This was the evil intended to be remedied, and which was remedied by giving interest on judgments founded on debts which bore interest before judgment. It could not have been intended to apply this provision to the judgments in the supreme court for damages, for they are certainly not judg-

ments founded on preëxisting debts withheld by debtors from their creditors.

There is an obvious fitness and propriety in granting interest on judgments for money demands; at least, a very sensible reason may be given why such a rule should exist. The creditor had a right to interest on his debt before judgment, and should not be put in a worse condition by the act of the debtor, who had compelled him to resort to a suit for the recovery of his rights. The same reason does not apply to damages in this court; they are no part of the debt in controversy, and of course have not been illegally withheld from the creditor. They are an indemnity given by statute to defendants in error, to compensate them for the trouble and expense which they may have been put to.

There is another reason why this construction should be adopted, rather than that contended for by counsel. It obviates the necessity of regarding any provision of the 149th section of the statute, in regard to the organization and powers of the circuit courts, as objectless and useless legislation; and it harmonizes the different enactments in reference to the subject of interest on judgments, and gives to each its proper and full effect.

For similar reasons, the provision quoted from the 57th section of the statute last cited, must be held not to apply to judgments in this court. If, indeed, it can be considered as having any other effect and operation than to lay down the same rule in regard to debts due by judgment or decree, where interest has accrued thereon, and partial payments have been made, which is prescribed in the same section, in reference to bonds and other contracts for the payment of money, which by law bear interest, and on which interest has accrued and partial payments have been made.

As none of the enactments above discussed were designed by the legislature to apply to the subject of damages in the supreme court, the question before us must be determined exclusively upon the 149th section of the statute above cited. And in reference thereto, it is sufficient to remark, that it does

not expressly provide that the damages awarded by a judgment of affirmance in this court shall draw interest; and that no language therein employed warrants the inference, that such a rule was designed to be established. On the contrary, it contains a strong intimation, that interest on the damages in such cases was intended to be disallowed.

In the next place, the question arises, whether the payments made should be applied in the first instance to the discharge of the interest and debt due on the original judgments, in exclusion of the damages awarded in this court.

It is well settled, that if a person who is indebted on mortgage and simple contract, or on bond and simple contract, makes a payment, and, at the time when the payment is made, neglects to apply it, the law will consider it applied in the way most beneficial for the debtor. *Poindexter* v. *La Roche,* 7 S. & M. 699.

This rule governs the case before us. The original judgments bore interest, but the judgment for damages in this court did not. The payments, therefore, should have been applied in discharge of the interest first, and then to the debts due upon the original judgments, in preference to the amount due for damages, because this way of applying the payments would have been most advantageous to the debtor.

We think that the opinion of the court on both the points was correct, and consequently, that the judgment rendered was proper.

Let it be affirmed.