## John P. Walworth et al. *v.* William Henderson.

It is settled at the common law, that service on all the members of a commercial firm individually, is necessary to bring the parties into court, whether the institution of the suit was before or after the dissolution of the partnership.

In an action against the members of a commercial partnership, where only one member was served with process, and the attorney employed by him appeared for the defendants generally, and judgment was rendered against all of the defendants—*Held :* That such a judgment in Mississippi was regular, and could only be inquired into by the defendants who were not served with process making affidavit of that fact, and that they never employed the attorney, and on showing also that they had a good and legal defence to the action of which they might have availed themselves if notice had been given.

APPEAL from the District Court of the parish of Carroll, *Perkins,* J.
Stacy & Sparrow, for plaintiffs. *Short, Parham & Caldwell,* for defendants.

OGDEN, J. The first point made by the defendant, who is also appellant in the cause, is that with respect to the judgment against him in the Circuit Court of Warren County, Mississippi; neither the judgment nor the note upon which it was rendered, have validity against him, because the note which purports to have been executed by *John Henderson & Co.*, was so executed without any authority from defendant, and not for any consideration relating to the business of the firm of which defendant was a member. This defence we cannot inquire into, unless the ground next set up is maintained, which is, that the judgment so rendered was null and void, because no writ or citation in the suit was ever served on him, nor was any counsel authorized by him to defend the suit, and we will therefore consider that question first.

The defendant was the partner of *John Henderson,* on whom the writ was served, and he was sued on an obligation signed with the partnership name of *John Henderson & Co.* The partnership was a commercial one, and the Sheriff returned as to the defendant, *William Henderson,* that he was not found. The rule of practice at common law, and as settled in the State of Mississippi is different from ours. The service on all the members of a commercial firm individually, is necessary to bring the partners into court. 4 Smedes & Marshall, 665, 666. 1st Howard, 530, 531. The partnership was dissolved at the institution of the suit, and even under our laws, the service on *John Henderson,* would not have been notice to the defendant, but a plea was filed by counsel in the name of the defendants generally, the effect of which it becomes necessary to determine. The obligation sued on, was a negotiable note in favor of the Planters' Bank of the State of Mississippi, for $5,300, executed by *John Henderson & Co.*, with four other obligors, who bound themselves jointly and severally in favor of the bank. The attorneys for the defendants filed a plea, stating "the said defendants come and defend the wrong and injury," &c., which plea was afterwards withdrawn, and judgment by default taken against all the defendants. In Mississippi, a plea entered in that form, is held to be a good appearance for all the defendants and, on being withdrawn, a judgment is regularly rendered, binding all the parties defendant as well those on whom the process was *not* executed, as on the others on whom it was. 4 Howard's

44

WALWORTH
v.
HENDERSON.

Miss. Rep. 342. 5 Howard's Miss. Rep. 525. Such being held to be an appearance for all the defendants by the laws and practice of the State where the judgment was rendered, the same effect must be given to it by our courts.

An attorney being a sworn officer, his authority is always presumed, and the judgment rendered against the defendant in Mississippi, is regular on the face of the proceedings; but as the defendant has denied on oath that he ever authorized counsel to file a plea for him, it remains to be considered how far the presumption of law in favor of the authority of an attorney, is weakened or destroyed by the affidavit of a defendant not served with process, that he never authorized the appearance for him by counsel. If the partnership had not been dissolved when the suit was instituted in Mississippi, there would be much force in the argument of the counsel for the appellee, that as the suit was on an obligation contracted by the firm, one partner had authority to employ counsel to represent all the members, and that all would be equally bound by a plea filed on behalf of the firm; but the partnership being then no longer in existence, without special authority, one partner could not represent another by employing counsel to make an appearance for him, when he was not served with process, so as to bring him into court. The appearance, however, of an attorney, although not authorized, it has been held, is a good appearance to the court, and the judgment is regular, leaving to the defendant his remedy against the attorney for damages. 1 Salk. 86. *Jackson* v. *Stewart*, 6 Johns. 34. But when the defendant makes affidavit that he never employed the attorney, and no process has ever been served on him, if he can show that he had a good and legal defence to the action of which he might have availed himself, if he had been served with notice, he has a right in equity to interpose that defence, as it would be contrary to right and good conscience that the plaintiff should, under such circumstances, execute his judgment. The judgment is not null and void by reason of the want of authority of the attorney who filed the plea, but, as in the case of a judgment rendered on the false return of a Sheriff that he had served the process on the defendant, the judgment is still regular, leaving to the party his action at law against the officer for damages, and his right in equity to enjoin the execution of the judgment establishing a meritorious defence. *Cox* v. *Nichols*, 2 Yeates, 546.

We have, therefore, examined the evidence, to ascertain whether the defendant had, at the time the judgment was made, any legal or equitable defence to the action. The note on which the judgment was rendered, was given in renewal of another note drawn by *John Henderson & Co.* to the order of *Thomas J. Green*, and discounted by the Planters' Bank for *Briggs, Lacoste & Co.*, of Natchez, on their endorsement. It is immaterial whether the note was given to *Green* for an indebtedness to him of the firm of *John Henderson & Co.*, or whether it was thus executed for the accommodation of *Green*, as would seem most probable from the fact, that when it was taken up by the note given in renewal on which the defendant was sued, the name of *Green* is first signed to the note, and from other evidence. Conceding that to be the fact which would be our conclusion from the evidence, and that the name of the partnership was expressly used by one of the partners without authority in business, not relating to the firm, yet the rule is undoubted, that the firm are bound jointly to any *bona fide* holder of a note or bill of exchange which has been drawn, accepted or endorsed by any of the partners in the name of the firm. The original note was that of *John Henderson & Co.*, which went into the hands of

*Briggs, Lacoste & Co.* in the usual course of business, and was discounted by the bank, and the note given in renewal was equally binding on the firm.

We are therefore of opinion, that the defendant had failed to establish any legal or equitable defence which would authorize a court of equity to relieve him from the effect of a judgment regular on its face, on the ground that the attorney who made an appearance for him, was not authorized to do so.

As the suit is on the judgment, and the note was not proscribed when the judgment was rendered, the plea of prescription against the note cannot avail the defendant.

It is therefore ordered, that the judgment be affirmed with costs.