RODMAN M. PRICE *ads.* JOHN WARD AND OTHERS.

1 To an action upon a judgment recovered in another state, it is a good plea, that "the defendant was not served with process in the suit in which the said judgment was obtained; that he did not appear to said suit in person or by attorney; and that he was not resident nor present within the jurisdiction of the court in which the said judgment was rendered, at any time pending the said suit, or when judgment was rendered therein."

2. It is also a good plea to such action, that "the defendant was not served with process in the suit in which the said judgment was obtained; that he did not appear to said suit in person or by any duly authorized attorney; and that he was not resident or present within the jurisdiction of the court in which the said judgment was rendered at any time pending the said suit, or when judgment was rendered therein; that A. and B. appeared in said suit for the defendant, but that neither they, nor any other person or persons, were ever authorized by the defendant to do so."

3. In an action upon a judgment, want of authority in the attorney by whom the appearance of the defendant was entered, or the judgment confessed, may be shown in avoidance of the judgment.

4. The record is *prima facie* evidence that the attorney who appears to the suit or confesses the judgment is duly authorized for that purpose.

---

This was an action of debt, brought upon a judgment recovered by the plaintiffs against the defendant, in the District Court of the fourth judicial district of the state of California, for $63,083.36 debt, and $621.80 costs. The defendant pleaded as follows, *viz :*

And the said defendant, by P. B., his attorney, comes and defends the wrong and injury when, &c., and says that the plaintiffs their said action thereof ought not to have or maintain against him, because he says, that he was never served with any process in the suit in which the judgment in the plaintiff's declaration mentioned was obtained; that he did not appear to said suit in person or by attorney; and that he was not resident nor present within the jurisdiction of the said court in which the said judgment was rendered, at any time pending the said suit, or when judgment was rendered therein, and this he is ready to verify; wherefore he prays judgment if the plaintiffs ought

to have or maintain the aforesaid action thereof against him.

And the said defendant, for a further plea in this behalf, by leave of the court here, &c., says that the plaintiffs their said action thereof ought not to have or maintain against him, because, he says, that he was never served with any process in the suit in which the judgment in the plaintiff's declaration mentioned was obtained; that he did not appear thereto in person or by any duly authorized attorney; that he was not resident or present within the jurisdiction of said court in which the said judgment was rendered, at any time pending the said suit, or when judgment was rendered therein; that some person or persons, to wit, James, Noyes and Barber, appeared in the said suit for the defendant, but that neither they nor any person or persons were ever authorized by the defendant to do so, and this he is ready to verify; wherefore he prays judgment if the said plaintiffs their aforesaid action thereof ought to have or maintain against him.

To these pleas there was a general demurrer and joinder.

The cause was argued at June term, 1855, before the CHIEF JUSTICE, and ELMER, POTTS, and VREDENBURGH, Justices.

*Parker*, for plaintiffs, in support of the demurrer, cited *Denton* v. *Noyes*, 6 *Johns. R.* 296; *Hendrickson* v. *Hendrickson*, 3 *Green* 102; *Miller* v. *Ewing*, 8 *Smedes & Mar.* 421.

*Dayton*, for defendant, contra, cited *Shumwa* v. *Stillman*, 6 *Wend.* 447; *Gilman* v. *Lewis*, 4 *Zab.* 246, *note*.

The CHIEF JUSTICE delivered the opinion of the court.

The action is brought upon a judgment recovered in California. The first plea avers that the defendant was

not served with process in the suit in which the said judgment was obtained; that he did not appear to the suit in person or by attorney; and that he was not resident nor present within the jurisdiction of the court in which the said judgment was rendered, at any time pending the suit or when judgment was rendered. The plea contains a clear averment of the want of jurisdiction in the court in which the judgment sued on was recovered, and is therefore a valid plea. *Moulin* v. *The Ins. Co.*, 4 *Zab.* 222.

The second plea is similar to the first, except that it avers that the defendant did not appear by any duly authorized attorney; that certain persons appeared in the said suit for the defendant, but that neither they nor any other person or persons were ever authorized by the defendant to do so.

The record of every common law judgment, though no appearance has been entered or defence made, regularly shows upon its face the jurisdiction of the court over the person of the defendant. The declaration avers that the defendant is in custody, or that he was summoned or attached to answer, or that he is present in court in his own proper person or as an officer of the court. 1 *Chitty's Pl.* 312; 2 *Chitty's Pl.* 12, 16.

If, therefore, the defendant is permitted to plead or prove a want of jurisdiction in the court, he must be permitted to do so in contravention of the record itself. If the recital in the record operates as an estoppel, or concludes the question of jurisdiction, the plea is nugatory. Of necessity, therefore, it would seem that it must be lawful for the defendant to aver and prove a want of jurisdiction, though the fact of service of process or of an appearance be expressly averred in the record. Whatever doubt may have existed upon this subject in regard to the judgdments of other states, is removed by the express provisions of the act of 6th March, 1852. *Nixon's Dig.* 652, §

231.   By that statute it is enacted, that in any suit brought upon a foreign judgment, or a judgment of any court out of this state, it shall be lawful to show that the defendant therein was not summoned, did not appear, or was not within the jurisdiction of such foreign court, notwithstanding it may be recited in the record of such proceedings that he was summoned, or did appear, or was within the jurisdiction of such court, and such recital shall not conclude said defendant, or stop him from proving that the same is not true.

Whether the want of authority in the attorney can be shown in avoidance of a judgment regularly entered, after an appearance or confession of judgment by an attorney of the court in which the judgment is rendered, is a question which has undergone much discussion, and is beset with serious difficulties. The weight of the ancient authorities is against the practice. If the attorney acted without authority, the judgment was held nevertheless to be regular, and the defendant was left to his remedy against the attorney. The appearance entered by the attorney, though not lawfully authorized, was held a good appearance as to the court. 1 *Keble* 89 ; 1 *Salk.* 86, 88 ; *Com. Dig.* "*Attorney*" *B.* 7 ; 1 *Tidd's Prac.* 64 ; *Cro. Jac.* 695. Accord *Smith* v. *Bowditch,* 7 *Pick.* 137. See *Rev. Stat. Mass.* 94, § 16.

In *Denton* v. *Noyes,* 6 *Johns. R.* 305, Chief Justice Kent after an elaborate review of the authorities, said, " The rule appears to me to be settled upon too much authority to be denied ; and upon too much principle to be disturbed. Without it there could be neither safety to suitors, nor trust in the profession."

In *Post* v. *Neafie,* 3 *Caine's Rep.* 26, the action was brought upon a decree of the Court of Chancery of this state. The decree, it appeared, was founded upon an agreement between the parties, signed by their attorneys. One of the objections to a recovery, urged by the

defendant's counsel, was that the agreement on which the order was made was out of the ordinary course of the powers of solicitors, and that no authority appeared for making it. The objection was not noticed by any member of the court, excepting Justice Spencer, who said, "The objection merits little consideration; solicitors of the Court of Chancery, as well as attorneys in courts of law, are not only responsible to their clients for betraying their trusts, but they are amenable to their respective courts in a summary way. If this had been an action depending in a court of common law in New Jersey, and the attorney had confessed a sum of money due to the adverse party, it could never become a matter of inquiry, in a suit on the judgment, whether the attorney had acted by authority. If in this case the defendant's solicitor was unauthorized to enter into the agreement on which the decree was ultimately founded, it was examinable only in the court having original jurisdiction. It is to be intended that the solicitor acted by the direction of his client and for his benefit."

Notwithstanding the weight of these authorities, the current of recent American decisions is against the rule, and in favor of admitting the authority of the attorney to be drawn in question. *Osborne* v. *Bank U. S.*, 9 *Wheat.* 829; *Shelton* v. *Tiffin*, 6 *How.* 186; *Compher* v. *Anawalt*, 2 *Watts*, 490; *Campbell* v. *Kent*, 3 *Penns. Rep.* 75; *Sherrard* v. *Nevius*, 2 *Carter* 241; *Miller* v. *Gaskins*, 3 *Robinson* 94.

The subject was much discussed in this court in *Den* v. *Hendrickson*, 3 *Green* 102; but the point was not decided, though the Chief Justice delivered a very elaborate opinion, holding that the authority of the attorney by whom an appearance had been entered might be questioned. But in the later case of *McKelway and Gray* ads. *Jones*, 2 *Harr.* 345, the judgment against Gray was set aside by the unanimous concurrence of the court, it

appearing that process had never been served upon him, and that the plea was filed in his behalf without his knowledge, consent, or authority. This settles the principle, so far at least as relates to our power to inquire into the authority of the attorneys of this court, in all cases of judgments rendered in this court. The same doctrine, it is obvious, is applicable in principle to the judgments of other courts, and it has accordingly been held, in an action upon the judgment of another state, that if it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him. *Shumway* v. *Stillman*, 6 *Wend*. 453; *Aldrich* v. *Kinney*, 4 *Conn*. 380; *Hall* v. *Williams*, 6 *Pick*. 247.

The record is *prima facie* evidence that the attorney who appears to the suit or confesses the judgment is duly authorized for that purpose, and, in the absence of contradictory evidence, will be held conclusive. But the authority of the attorney may be drawn in question in pleading, and may be disproved by evidence.

The pleas are valid, and the demurrer must be overruled.

CITED *in Mackay and Lusher ads. Gordon, 5 Vr.289.*