*Court of Common Pleas, Dauphin County, September 1st, 1868.*

## LAWRENCE'S EXECUTOR, FOR USE OF BROWN, *v.* RUTHER-FORD ET AL.

Where the plaintiff in a suit accepts an appearance without service of a summons, and the attorney appears for the defendant without authority, the court will set aside the judgment as irregular, and the plaintiff is left to his remedy against the attorney.

Such a judgment will be opened even when several years have elapsed since its existence was brought to the knowledge of the defendant, and it had been assigned to a party without notice of the defect.

Catlin *v.* Robinson, 2 W. 371, distinguished.

BY THE COURT.—The facts as we collect them from the records, affidavits, etc., in this case are substantially as follows. Mr. Lawrence was, in his lifetime, appointed sequestrator, to take charge of the effects of " The State Fire and Marine Insurance

Company," situated in Harrisburg, and as such sequestrator, lent to J. P. and A. Rutherford, one thousand dollars, and took their note for the amount. It is pretty clear from the evidence, that their object in borrowing was to pay a debt of the company, which we may fairly infer from some of the facts in proof, they were individually bound to see paid, and that Mr. Lawrence took the note to secure himself as sequestrator, in case he was not entitled to a credit of the whole in settling his accounts. How this eventuated we do not know, as there is no statement before us of his account, or of the amount of debts due by the corporation. After Mr. Lawrence's death, suit was brought on the note, dated October 7th, 1859. To the suit Mr. J. C. Kunkel appeared and waived the service of the writ. A copy of the claim was filed September 6th, 1860, and on the 4th of December, 1861, judgment was taken for want of an affidavit of defence. On the 18th of December, 1861, this judgment was assigned to John W. Brown, the then sequestrator, by the executors of Mr. Lawrence, to pay the balance due by the latter as sequestrator. This money was found to be due to Mr. Brown in his own right, on the settlement of his account. There is nothing in the case which shows that Messrs. Rutherford knew of the existence of this judgment until the 27th of July, 1864, when a letter from J. P. Rutherford to Mr. Brown, in reply to one from him, expresses surprise at its entry, does not know how it was obtained, avers payment of the debt in full, and expects to be able to show it. The letter is dated at Chambersburg. At that time Mr. Rutherford was in the service of the United States as a paymaster. We hear no more of this claim from either of the Messrs. Rutherford until after this *scire facias* issued, when an affidavit of defence was filed, and on the 29th of October, 1867, a rule was obtained to show cause why the judgment should not be opened, the defendants let into a defence, and all proceedings stayed or set aside. Mr. Kunkel states that he had no communication with defendants about this claim, but entered an appearance and waiver of service of process, because he had acted as their counsel generally in relation to this insurance company, of which J. P. Rutherford was president, and A. Rutherford a manager, after which he forgot the whole matter for a long period. On March 12th, 1866, Mr. Simonton, the present sequestrator, obtained a rule to show cause why this judgment should not be marked for the use of the sequestrator, which, on hearing, was discharged by the court on the ground that it was the claim of Mr. Brown, individually. This application is said to have been without any privity of the defendants.

If the process had been served on the defendants, and the attorney had appeared for them without authority, it is clearly settled that there would be no ground for opening or setting aside

the judgment, provided the attorney was able to respond in damages for the unauthorized appearance. If not of ability, the courts have relieved the party by opening the judgment. The rule appears to be different where there has been *no service.* We find the subject carefully examined in 1 Exchequer Reports (Welsby, Hurlstone and Gordon, page 1), and the notes to that case. Where a defendant has been served with process, and an attorney appears for him without authority and confesses judgment, the court will not interfere if the attorney is solvent; *aliter,* if he be insolvent. But where the plaintiff accepts an appearance without service, and the attorney appears for the defendant without authority, the court will set aside the judgment as irregular, at the cost of the plaintiff, who is left to his remedy against the attorney, as in that case the defendant is wholly free from blame, and the plaintiff accepts the unauthorized appearance at his peril. He is the first in default. The same doctrine has been settled in this country, and the judgment has been set aside where there was no legal notice of the institution of the action (3 Y. 546 ; 2 Watts, 490 ; 4 Cranch, 436 ; 3 Ohio, 518 ; 2 Littell, Ky. R. 186). We have no cases in this State which conflict with this doctrine.

The present judgment would have to be vacated, if there was nothing else in the case. The long delay after the existence of the judgment was made known to at least one of the defendants, is a strong barrier to that mode of action. The letter of Mr. Rutherford, dated July 27th, 1864, shows that he then knew or was informed that the judgment was entered, though he expressed great surprise thereat, and averred that he had a good defence against the claim. Prompt action should have been then taken to have it vacated. Nothing was done for more than three years, when an affidavit of defence was filed to the *sci. fa.,* and soon after the rule on which we are now acting was obtained.

The official duties of Captain Rutherford, and his probable absence in the army for over a year, will not account legally for this delay. If the affidavit of defence filed be true, there are such merits in the case as call for examination ; but a judgment should not be vacated for original defects, where the same has been so long neglected. It must be borne in mind that the letter referred to was given in evidence by the plaintiff to show that the defendants had notice of the judgment, but taking it altogether, it tends to prove a defence on the merits, which is a ground for opening it, and giving the defendants the chance of an investigation. It is said, however, that the court after so great a lapse of time has no power over this judgment, and authorities are cited to prove the position. We are referred to Catlin v. Robinson (2 Watts, 379 ; 6 W. 513 ; S. & R. 310 ; and 9 Casey, 487). On examination, it appears that they were all cases of trials, or

[Lawrence's Executor, for Use of Brown, *v.* Rutherford et al.]

reports of referees, and we consider it a settled principle of the common law that a new trial cannot be granted unless moved for within the first four days of the next succeeding term after verdict rendered (3 Black Com. 392; 1 Tidd's Prac. 320; 1 Sellon's Prac. 484). And the final judgment is not entered until the term after the trial (3 Black Com. 307).

But it never has been doubted but that a judgment for default of appearance, or on a warrant of attorney, or other cases where no hearing had been had, could be opened at an after-time, on sufficient grounds and proof of merits. Such has been the uniform practice of Pennsylvania.

We do not consider the counsel on either side answerable in this case. Not that of the plaintiff, who probably acted as was customary in issuing his writ and accepting service; nor of the defendants, who, from his habits of doing business for them, considered that he had authority to appear, and that it would be for their interest to waive the service of process. Doubtless all was rightly intended; but in the multiplicity of business, the counsel forgot to inform his clients, and entirely overlooked the case.

It is said that Mr. Brown is a *bond fide* holder of this judgment for value, accepted it in payment for his debt, on the faith of the entry of record, and should not now be disturbed. Had he called on the defendants before taking the assignment, and been informed that it was right, they would have been estopped from resisting payment. There is no proof that such course was pursued, and the assignee of a judgment is in no better situation than the assignor. We do not destroy this claim by opening the judgment; the lien must remain to secure what is justly due. If Mr. Lawrence lent the money as sequestrator, even to pay a debt of the company, taking a note is strong evidence that he did it for indemnity in case so much ought not to be paid by him on that claim. Consequently, whatever is required to settle up the trust, and give each creditor or the trustee his lawful due, can be recovered. If the debt was fully paid as mentioned in the letter, the defence would cover the whole without regard to the state of the trust. We shall order the judgment to be opened, the lien to remain as security for what is due on the note; no advantage to be taken of irregularity in the process or service thereof.

The costs to abide the event of the suit.

*Etter and Graydon, for plaintiff.*

*Simonton, for defendant.*