## Mulherin *v.* Roach.

*Mortgage—Scire facias—Judgment against terre-tenant—Appeals—Acts of July* 9, 1901, *P. L.* 614, *and April* 3, 1903, *P. L.* 139.

A judgment against a terre-tenant for want of an appearance on a scire facias sur mortgage, will not be opened on appeal where the record shows that it was entered after two returns of nihil, and there is nothing in the way of evidence on the record to show that the lower court erred in refusing to open judgment.

Argued March 2, 1909. Appeal, No. 27, March T., 1909, by John Luton, from order of C. P. Luzerne Co., March T., 1903, No. 186, discharging rule to open judgment in case of Mulherin and Judge v. Ann Roach and Barr. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

316, (1909).] . Statement of Facts—Opinion of the Court.

Rule to open judgment.

The opinion of the Superior Court states the case.

*Error assigned* was rule to open judgment.

*W. H. Hines*, for appellant.

*John B. Jordan*, with him *Joseph H. Finn* and *Edward A. Lynch*, for appellees.

PER CURIAM, April 19, 1909:

As no depositions were taken to support the allegations of fact in the appellant's petition, and as it does not appear that they were admitted by the appellee or that proof of them was dispensed with, we have nothing before us whereby to determine whether or not the court committed error in discharging the rule to open the judgment but the record brought up by the certiorari. From this we ascertain that, within five years after the rendition of judgment in favor of the plaintiffs against Mrs. Roach, the plaintiffs issued a scire facias which was duly returned served upon her and nihil habet as to John Luton, terre-tenant; that this was followed by an alias which likewise was returned nihil habet as to him; and that in due course, judgment was entered against her for want of an affidavit of defense, and against John Luton, terre-tenant for want of an appearance. This application of John Luton to open the judgment was made nearly five years afterwards. As was said in Compher v. Anewalt, 2 Watts, 490, so here, the only question is, whether the judgment in the scire facias is erroneous; and it clearly is not so on its face, having been entered after two returns of nihil, which, by long-established practice, warrant a judgment. This practice was not disturbed, but was distinctly recognized and continued in the Act of July 9, 1901, P. L. 614, and its amendment of April 3, 1903, P. L. 139. This being the only question before us, we will not discuss those that may possibly arise in a possible future action of ejectment by a sheriff's vendee, or might have arisen if the appellant had adduced proof in the court below of the facts outside the record alleged in his petition.

The order is affirmed at the costs of the appellant